# EXHIBIT A

Filed and Attested by the Office of Judicial Records 12 NOV 2025 02:19 pm L. BREWINGTON

**Vaughn A. Booker, Esquire**
**1420 Walnut Street, Suite 815**
**Philadelphia, Pennsylvania 19107**
**Telephone No: (215) 545-0474**
**Facsimile No: (215) 545-0656**
**Attorney I.D. No: 42312**
**vbs00001@aol.com**

**Attorney for Plaintiff**

| | |
|---|---|
| **Veino Parker, Jr.**<br>**5019 E. Roosevelt Boulevard**<br>**Philadelphia, Pennsylvania 19124,**<br>**Plaintiff** | **Court of Common Pleas of Philadelphia County**<br><br>**November Term 2025** |
| **vs.** | **No:** |
| **Home Depot USA, Inc.**<br>**d/b/a The Home Depot**<br>**2455 Paces Ferry Road**<br>**Atlanta, Georgia 30339**<br>**and**<br>**Home Depot, Inc.**<br>**d/b/a The Home Depot**<br>**2455 Paces Ferry Road**<br>**Atlanta, Georgia 30339**<br>**and**<br>**The Home Depot**<br>**2539 Castor Avenue**<br>**Philadelphia, Pennsylvania 19134**<br>**Defendants** | **Complaint**<br><br>**Civil Action - Law** |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights right important to you.

## AVISO

Le han demandado a usted en la corte. Si usted quire defenderse de estas demandes expuestas en las paginas siguientes, ustes tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demanded en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o n oificacion. Ademas, la corte puede decidir a

f avor del demandante y requiere que usted cumpla co n todias las provisiones de esta demanda. Usted p uede perer dinero o sus propiedades u ostros d erechos importantes para usted.

**You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford on, go to or telephone the office set forth below to find out can get legal help.**

**Lieva esta demanda a un abogado inmediata- mente. Si no tine abogado o si no tiene el dinero suficiente de pager tal servicio. Vaya en perso na o llame por telefono a la oficina cuy a direccion se encuentra escrita abajo para a veriguar donde se puede conseguir asistencia leg al.**

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**

**(215) 238-6333**
**TTY (215) 451-6197**

**Asociacion de Licenciados**
**de Filadelfia**
**Servicio de Referencia e**
**Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**

**(215) 238-6333**
**TTY (215) 451-6197**

**Vaughn A. Booker, Esquire**
**1420 Walnut Street, Suite 815**
**Philadelphia, Pennsylvania 19107**
**Telephone No: (215) 545-0474**
**Facsimile No: (215) 545-0656**
**Attorney I.D. No: 42312**
**vbs00001@aol.com**

**Attorney for Plaintiff**
**Major Case - Non Jury**

| | | |
|---|---|---|
| **Veino Parker, Jr.**<br>**5019 E. Roosevelt Boulevard**<br>**Philadelphia, Pennsylvania 19124,**<br>**Plaintiff** | : | **Court of Common Pleas**<br>**of Philadelphia County**<br><br>**November Term 2025** |
| **vs.** | : | **No:** |
| **Home Depot USA, Inc.**<br>**d/b/a The Home Depot**<br>**2455 Paces Ferry Road**<br>**Atlanta, Georgia 30339**<br>**and**<br>**Home Depot, Inc.**<br>**d/b/a The Home Depot**<br>**2455 Paces Ferry Road**<br>**Atlanta, Georgia 30339**<br>**and**<br>**The Home Depot**<br>**2539 Castor Avenue**<br>**Philadelphia, Pennsylvania 19134**<br>**Defendants** | : | **Complaint**<br><br>**Civil Action - Law** |

# COMPLAINT

And Now comes the Plaintiff, Veino Parker, Jr,, by and through his undersigned Attorney, Vaughn A. Booker, Esquire and in support of his Complaint, prays your Honorable Court as follows:

1. The Plaintiff, Veino Parker, Jr., is an individual and at all times material hereto resided at 5019 E. Roosevelt Boulevard, in Philadelphia, Pennsylvania 19124.

2. The Defendant Home Depot USA, Inc., individually and doing business as "The Home Depot", is a duly authorized corporation, company, group, association and/or entity engaged in the retail store business of selling home improvement goods and merchandises and open to the public and patrons, licensed and doing business in the City and County of Philadelphia, Commonwealth of Pennsylvania, with a principal place of business located at 2455 Paces Ferry

Road, in Atlanta, Georgia 30339.

3. The Defendant Home Depot Inc., individually and doing business as "The Home Depot", is a duly authorized corporation, company, group, association and/or entity engaged in the retail store business of selling home building, remodeling and improvement goods and merchandises and open to the public and patrons, licensed and doing business in the City and County of Philadelphia.

4. The Defendant The Home Depot, is a duly organized corporation, company, group, association and/or entity engaged in the retail store business of selling home building, remodeling and improvement goods and merchandises and open to the public and patrons, licensed and doing business in the City and County of Philadelphia, with a place of business located at 2539 Castor Avenue, in Philadelphia, Pennsylvania 19134.

5. At all times material hereto, the Defendant Home Depot, USA, Inc., owned, rented, leased, possessed, maintained, staffed and/or controlled their retail business and store and premises located at 2539 Castor Avenue, in Philadelphia, Pennsylvania and otherwise known by the Defendant as Store Number 4150".

6. At all times material hereto, the Defendant Home Depot, Inc., owned, rented, leased, possessed, maintained, staffed and/or controlled their retail business and store and premises located at 2539 Castor Avenue, in Philadelphia, Pennsylvania and otherwise known by the Defendant as Store Number 4150".

7. At all times material hereto, the Defendant The Home Depot, owned, rented, leased, possessed, maintained, staffed and/or controlled their retail business and store and premises located at 2539 Castor Avenue, in Philadelphia, Pennsylvania and otherwise known by the Defendant as Store Number 4150".

8. At all times material hereto, the Defendant Home Depot USA, Inc., maintained, possessed and controlled, and the responsibility of monitoring their aforementioned premises to insure that there were no dangerous and defective conditions thereon, such as what caused the incident involving the Plaintiff and giving rise to the instant Civil Action Complaint.

9. At all times material hereto, the Defendant Home Depot, Inc., maintained, possessed and controlled, and the responsibility of monitoring their aforementioned premises to insure that there were no dangerous and defective conditions thereon, such as what caused the incident involving the Plaintiff and giving rise to the instant Civil Action Complaint.

10. At all times material hereto, the Defendant The Home Depot, maintained, possessed and controlled, and the responsibility of monitoring their aforementioned premises to insure that there were no dangerous and defective conditions thereon, such as what caused the incident involving the Plaintiff and giving rise to the instant Civil Action Complaint.

11. At all times material hereto, the Defendant, Home Depot USA, Inc,, had a non-delegable duty to both maintain the aforementioned premises and to control and to manage their own agents, servants and employees thereon, so as to insure that the premises were in a safe and secure condition for persons lawfully present, such as the Plaintiff Veino Parker, Jr.

12. At all times material hereto, the Defendant, Home Depot, Inc,, had a non-delegable duty to both maintain the aforementioned premises and to control and to manage their own agents, servants and employees thereon, so as to insure that the premises were in a safe and secure condition for persons lawfully present, such as the Plaintiff Veino Parker, Jr.

13. At all times material hereto, the Defendant, The Home Depot, had a non-delegable duty to both maintain the aforementioned premises and to control and to manage their own agents, servants and employees thereon, so as to insure that the premises were in a safe and secure condition for persons lawfully present, such as the Plaintiff Veino Parker, Jr.

14. At all times material hereto, the Plaintiff Veino Parker, Jr., was a guest, patron and lawful business invitee at store and retail business of the Defendants, Home Depot USA, Inc., Home Depot, Inc., and The Home Depot and as such, is owed the highest duty of care under the law.

15. At all times material hereto, Defendant, Home Depot USA, Inc., acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment nd in furtherance of the business of the Defendants.

16. At all times material hereto, Defendant, Home Depot, Inc., acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment nd in furtherance of the business of the Defendants.

17. At all times material hereto, Defendant, The Home Depot., acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment nd in furtherance of the business of the Defendants.

18. At all times material hereto, All Defendants, Home Depot USA, Inc., Home Depot, Inc., and The Home Depot, owned, possessed, rented and/or leased real estate properties within the City and Count of Philadelphia and engaged in significant and continuous business practices therein.

19. At all times material hereto, All Defendants, Home Depot USA, Inc., Home Depot, Inc., and/or The HOme Depot, had a non-delegable duty to the Plaintiff to safeguard the Plaintiff, at all times while he was a lawful customer of their retail business from harm on the premises caused by any of their own agents, servants, workmen and/or employees.

20. At all times material hereto, All Defendants, Home Depot USA, Inc., Home Depot, Inc., and/or The Home Depot, had a non-delegable duty to select and retain only competent employees, managers, supervisor and other staff, specifically to include the Managers and Supervisors responsible for Flooring and Tile Department at their retail store.

21. At all times material hereto, All Defendants Home Depot USA, Inc., Home Depot, Inc., and/or The Home Depot, had a non-delegable duty to oversee all persons employed by the Defendants at this retail business location and certainly within the four walls of the premises.

22. At all times material hereto, All Defendants Home Depot USA, Inc., Home Depot, Inc., and/or The Home Depot, had a non-delegable duty to formulate, adopt and enforce adequate rules and policies to ensure the safety of any customers of their retail business establishment such as the Plaintiff Veino Parker, Jr.

23. At all times material hereto, the employee, agent, servant and/or workman involved in the incident giving rise to this Civil Action was acting within the course and scope of their employment with All Defendants, and under the control or the right of control of All Defendants.

24. The acts and omissions to act on the part of All Defendants Home Depot USA, Inc., Home Depot, Inc., and/or The Home Depot, acting by and through their agents, servants, workmen and employees, were the factual cause of the physical and emotional harm suffered by the Plaintiff Veino Parker, Jr.

25. All Defendants, Home Depot USA, Inc., Home Depot, Inc., and/or The Home Depot, is and/or are liable for the negligence and carelessness of their agents, servants, workmen and employees under theories of Respondeat Superior, master-servant, agency and right of control.

26. On or about December 9, 2023, the Plaintiff Veino Parker, Jr.,was a lawful guest and patron and business invitee, when while shopping at the Defendants Home Depot USA, Inc., Home Depot, Inc., and/or The Home Depot store, located at 2539 Castor Avenue, in Philadelphia, Pennsylvania, when while shopping and retrieving tile and/or tiles, the said product, packaging, pallet, merchandise, box of tiles and tiles or the like were loose, uneven, not fastened and/or not fastened properly and/or was not secured amd/or not secured properly and/or were not piled, stacked, stocked or placed safely, securely and/or properly and when suddenly and without warning the merchandise, product, packaging and tiles or the like were so negligently and carelessly, ill secured, uneven, piled, stocked, stacked and/or placed so as to cause them to fall onto the Plaintiff's body and person and furthermore cause the Plaintiff to sustain personal injuries. The accident was caused solely by the Defendants negligence and carelessness, acting by and through their authorized servants, workmen and employees and acting and committed within the course and scope of their employment and agency relationship.

27. All Defendants are vicariously liable for the acts and/or inactions of their agents, servants and employees, acting and committed with the course and scope of their employment and agency relationship.

Wherefore the Plaintiff Veino Parker, Jr., demands Judgment in his favor against the Defendants Home Depot USA, Inc., Home Depot, Inc., and The Home Depot, for an amount in excess of $50,000.00 (Fifty-Thousand Dollars), plus Attorneys Fees, Interest and Costs of this suit.

**Count I**

**<u>Plaintiff Veino Parker, Jr. vs. Defendant Home Depot USA, Inc.</u>**

**Negligence**

28. The Plaintiff incorporates the allegations of the preceding paragraphs 1-27, inclusively, as if fully set forth at length herein.

29. At all times material hereto, there existed on the Defendants premises and property, a defective, dangerous and hazardous condition, on or about, of, in and/or inside the Defendant's store, business, property and premises at the location as aforesaid.

30. At all times material hereto, the Defendant had actual notice and/or knowledge and either knew or should have known of the defective, hazardous and dangerous condition existing inside of the Defendant's store, premises and property.

31. The said negligence and carelessness of the Defendant Home Depot USA, Inc., acting by and through their authorized agents, servants, workmen and employees, and acting within the course and scope of their employment and agency relationship consisted of but was not limited to the following.

A. Failing to exercise due regard for the rights, safety and position of the Plaintiff, Veino Parker, Jr.

B. Failed to maintain the premises, property, store, merchandise, products, packaging and tiles, pallets and boxes of tiles, in a reasonably safe condition.

C. Maintained the said premises, store, shelves, pallets, merchandise, products of tile, packaging and flooring in a dangerous, hazardous and defective condition, for the Plaintiff and persons lawfully traversing thereon.

D. Failed to warn the Plaintiff of the defective, dangerous and hazardous condition inside of the store, associated with and pertaining to the piling, securing , stocking, and stacking of it's products, merchandise and tile and flooring, inside of the store.

E. Failed to provide proper support or support for the tiles, boxes of tiles, packing and merchandise that caused the Plaintiff to sustain personal injuries.

F. Failed to properly and/or adequately secure the tile, packing, boxes of tiles, products and merchandise inside of the store.

G. Failed to properly and/or adequately failed to fasten and secure the said packaging and tile and boxes of tiles and merchandise inside of the store.

H. Failed to properly and/or adequately stock, stack, pile properly, even up and secure the said tiles and merchandise product and packaging of tiles inside of the store.

I. Failed to properly and/or timely inspect the said tiles, packaging of tiles, stacking of tile, boxes of tiles. products and merchandise inside of the store, to ensure that they were secure, fastened, piled properly, piled evenly and were stocked, stacked and piled safely and securely, so as to prevent them from dislodging, moving and/or falling on the public and persons such as the Plaintiff.

J. Failed to properly and/or adequately and/or timely fix and/or replace and repair and/or secure the said tile, boxes of tiles, packaging and merchandise inside of the store, so as to prevent them form dislodging, moving and/or falling on the public and persons such as the Plaintiff.

K. Failed to properly and/or adequately support the said tiles, packaging of tiles, boxes of tiles, pallets, products and merchandise, so as to prevent them from coming loose and/or dislodging and falling.

L. Caused the said tiles, packaging of tiles, boxes of tiles and pallets and merchandise inside of the store to become and remain in a loose, uneven, ill-piled, unsecured, hazardous, dangerous and defective condition.

M. Failed to inspect and/or timely inspect the said tiles, packaging of tiles, boxes of tiles, piles and merchandise inside of the store and on the Defendants premises and property at reasonable intervals to determine the condition thereof, or were negligent, and/or careless in their inspection, so as to prevent the hazardous, dangerous, loose, ill-stacked, ill-piled, ill-stocked, unsecured, defective and/or hazardous condition on the Defendants premises, store and property.

N. Failed to timely, properly and adequately provide proper, adequate and/or sufficient lighting and/or wattage, in or about the Defendant's store, premises and falling, so as to prevent the hazardous and dangerous condition which occurred to the Plaintiff under this case.

O. Failed to timely, properly and adequately recognize and inspect and/or have sufficient safeguards in place to ensure that the Defendant's packaging, tiles, boxes of tiles, products, pallets and merchandise were not loose, unfastened and not secure.

P. Knew or should have known that the dangerous, defective and hazardous condition pertaining to the Defendant's packaging, tiles, boxes of tiles, product, packaging and merchandise constituted a hazardous and dangerous condition.

Q. Failing to timely communicate to and/or notify the Plaintiff of the dangerous, hazardous and defective condition of the packaging, tiles, boxes of tiles, product and merchandise in the Defendant's store, premises and property.

R. Failed to warn the Plaintiff and /or place any warning signs at or near where the tiles, boxes of tiles, packaging, pallets ands and/or merchandise fell on the Plaintiff and/or failed to conspicuously place warning signs, so that they could be properly seen, at or near where the Plaintiff sustained injuries, so as to warn the Plaintiff of the dangerous, hazardous and defective condition associating with the packing, stacking, piling and securing of the tiles, boxes of tiles, packaging, pallets and merchandise.

S. Negligent and careless in overseeing the maintenance and/or stocking, stacking and securing of the tiles, boxes of tiles, packaging, pallets and/or merchandise in the Defendant's store.

T. Negligently and carelessly secured, fastened, stocked, stacked, piled and/or places the tiles, boxes of tiles, packaging, pallets and under the facts and circumstances of this case.

U. Negligent in the supervision and overseeing of it's employees as to their maintenance duties, installation duties and repair duties, as it pertaining to piling and placing of tiles, boxes of tiles, packaging, pallets and merchandise inside of the store.

V. Negligently and carelessly hired and/or selected any and all third party contractors under the facts and circumstances.

W. Negligently and carelessly supervised the work of it's employees and agents of the Defendants under the circumstances and/or negligently and carelessly, failed to inspect and/or properly inspect the work of the Defendants and/or it's employees at reasonable intervals, under the circumstances, to determine the condition thereof.

X. Negligently and carelessly attempted to place and/or placed loose, uneven, weak and/or ill supported and/or not supported and/or not secure and/or not secure and ill piled, tiles, boxes of tiles, packaging, flooring products and merchandise inside of the Defendant's store, which was inadequate, weak, not secure, loose, ill-piled, ill stacked, poorly stocked, dangerous, defective and hazardous, which caused the Plaintiff to sustain personal injuries.

Y. Knew or should have known that the tiles, boxes of tiles, product and merchandise placed, were weak, loose, uneven, unsupported, not secure, ill supported, ill-stocked, not fastened properly, ill-stacked, were inadequate, dangerous, defective and hazardous, under the facts and circumstances of this case, which caused the Plaintiff to sustain personal injuries.

Z. Negligently and carelessly stocked the tiles, boxes of tiles, product and merchandise inside of the store at the time of and before the accident.

Z1. Negligently and carelessly piled, stocked and stacked the tiles, boxes of tiles, product and merchandise too high up for persons trying to retrieve the merchandise and tiles, packaging of tiles, boxes of tiles and flooring products under the facts and circumstances.

Z2 Negligently and carelessly failed to provide a step ladder, foot stool or any other step device to the public, so as to allow them to retrieve and properly retrieve the tiles, boxes of tiles, packaging and merchandise under the circumstances.

Z3 Negligently and carelessly failed to provide any assistance or any assistive devices to retrieve the merchandise, tiles, boxes of tiles, products under the circumstances.

Z4. Negligently and carelessly failed to have sufficient personnel and/or a sufficient and adequate number of personnel or employees to assist the Plaintiff and the public with retrieving the said tile, boxes of tiles, pallets, products and merchandise under the circumstances.

Z5. Negligently and carelessly stocked, stacked, packed, piled the merchandise and flooring products and tiles under the facts and circumstances so as to create a hazard on the Defendants premises and store.

Z6 Violated the various statutes, BOCA Codes, building codes, ordinances and regulations of the City of Philadelphia and Commonwealth of Pennsylvania.

Z7. Disregarded the rights and duties owed to the Plaintiff and persons such as the Plaintiff lawfully on and/or inside of the Defendants premises, store and premises and property.

Z8 Negligently and carelessly failed to provide a reasonably sufficient number of employees at their store and business location.

Z9 Negligently and carelessly failed to provide and/or assign a sufficient number of employees at the stores Flooring and/or Tile Department for assistance, under the facts and circumstance.

Z10. Failed to seek and train employees in a manner which would have prevented an occurrence such as the one herein above described.

Z11 Failed to properly monitor, oversee or otherwise supervise their appointed agents, servants, workmen and employees.

Z12 Negligent pursuant to the doctrine of res ipsa loquitur.

Z13. Sere negligent per se.

Z14. Violated the Occupational Safety and Health Administration Act and OSHA Codes under the facts and circumstances.

Z15. Negligently and carelessly stocked, stacked and piled the tiles, boxes of tiles, product and merchandise in an uneven manner and condition, so as to create and constitute a hazard.

32. At all times material hereto, the Plaintiff Veino Parker, Jr., was caused to sustain personal injuries, including but not limited to his body and limbs, as well as a shock to his body, nerves and nervous system.

33. As a direct and proximate result of negligence and carelessness of the Defendant, acting by and through their authorized agents, as aforesaid, the Plaintiff Veino Parker, Jr., was required to expend various sums of monies, as out of pocket expenses, for medical expenses, to effective a cure for the treatment of his personal injuries, some of which will continue for an indefinite time in the future.

34. As a further and direct and proximate result of the negligence and carelessness of the Defendant, acting by and through their authorized agents and employees, as aforesaid, the Plaintiff Veino Parker, Jr., may have sustained an aggravation and/or exacerbation of his condition and injuries, some of which may be both known and/or unknown.

35. As a further and direct and proximate result of the negligence and carelessness of the Defendant, acting as aforesaid, the Plaintiff Veino Parker, Jr., has lost wages and may have lost other wages and/or may have been so caused to lose future wages and to incur an impairment in his earnings and may have sustained a loss of his future earnings capacity.

36. As a further and direct and proximate result of the negligence and carelessness of the Defendant each acting as aforesaid, the Plaintiff Veino Parker, Jr., may have been prevented from attending to his usual duties and needs and may be so prevented in the future, all to his great financial loss and detriment.

37. As a further and direct and proximate result of the negligence and carelessness of the Defendant each acting as aforesaid, the Plaintiff Veino Parker, Jr., has sustained personal injuries which may be serious and permanent.

38. As a further and direct and proximate result of the negligence and carelessness of the Defendant each acting as aforesaid, the Plaintiff Veino Parker, Jr., has suffered physical pain, mental anguish, agony, embarrassment, humiliation and emotional distress, some and/or all of which may continue for an indefinite time in the future.

Wherefore the Plaintiff Veino Parker, Jr., demands Judgment in his favor against the Defendant Home Depot USA, Inc. for an amount in excess of $50,000.00 (Fifty-Thousand Dollars), plus Attorneys Fees, Interest and Costs of this suit.

**Count II**

**Plaintiff Veino Parker, Jr. vs. Defendant Home Depot Inc.**

**Negligence**

39. The Plaintiff incorporates the allegations of the preceding paragraphs 1-38, inclusively, as if fully set forth at length herein.

40. At all times material hereto, there existed on the Defendants premises and property, a defective, dangerous and hazardous condition, on or about, of, in and/or inside the Defendant's store, business, property and premises at the location as aforesaid.

41. At all times material hereto, the Defendant had actual notice and/or knowledge and either knew or should have known of the defective, hazardous and dangerous condition existing inside of the Defendant's store, premises and property.

42. The said negligence and carelessness of the Defendant Home Depot, Inc., acting by and through their authorized agents, servants, workmen and employees, and acting within the course and scope of their employment and agency relationship consisted of but was not limited to the following.

A. Failing to exercise due regard for the rights, safety and position of the Plaintiff, Veino Parker, Jr.

B. Failed to maintain the premises, property, store, merchandise, products, packaging and tiles, pallets and boxes of tiles, in a reasonably safe condition.

C. Maintained the said premises, store, shelves, pallets, merchandise, products of tile and flooring in a dangerous, hazardous and defective condition, for the Plaintiff and persons lawfully traversing thereon.

D. Failed to warn the Plaintiff of the defective, dangerous and hazardous condition inside of the store, associated with and pertaining to the piling, securing , stocking, and stacking of it's products, merchandise and tile and flooring, inside of the store.

E. Failed to provide proper support or support for the tiles, boxes of tiles, packing and merchandise that caused the Plaintiff to sustain personal injuries.

F. Failed to properly and/or adequately secure the tile, packing, boxes of tiles, products and merchandise inside of the store.

G. Failed to properly and/or adequately failed to fasten the said packaging and tile and boxes of tiles and merchandise inside of the store.

H. Failed to properly and/or adequately stock, stack, pile properly, even up and secure the said tiles and merchandise product and packaging of tiles inside of the store.

I. Failed to properly and/or timely inspect the said tiles, packaging of tiles, stacking of tile, boxes of tiles. products and merchandise inside of the store, to ensure that they were secure, fastened, piled properly, piled evenly and were stocked, stacked and piled safely and securely, so as to prevent them from dislodging, moving and/or falling on the public and persons such as the Plaintiff.

J. Failed to properly and/or adequately and/or timely fix and/or replace and repair and/or secure the said tile, boxes of tiles, packaging and merchandise inside of the store, so as to prevent them form dislodging, moving and/or falling on the public and persons such as the Plaintiff.

K. Failed to properly and/or adequately support the said tiles, packaging of tiles, boxes of tiles, pallets, products and merchandise, so as to prevent them from coming loose and/or dislodging and falling.

L. Caused the said tiles, packaging of tiles, boxes of tiles and pallets and merchandise inside of the store to become and remain in a loose, uneven, ill-piled, unsecured, hazardous, dangerous and defective condition.

M. Failed to inspect and/or timely inspect the said tiles, packaging of tiles, boxes of tiles, piles and merchandise inside of the store and on the Defendants premises and property at reasonable intervals to determine the condition thereof, or were negligent, and/or careless in their inspection, so as to prevent the hazardous, dangerous, loose, ill-stacked, ill-piled, ill-stocked, unsecured, defective and/or hazardous condition on the Defendants premises, store and property.

N. Failed to timely, properly and adequately provide proper, adequate and/or sufficient lighting and/or wattage, in or about the Defendant's store, premises and falling, so as to prevent the hazardous and dangerous condition which occurred to the Plaintiff under this case.

O. Failed to timely, properly and adequately recognize and inspect and/or have sufficient safeguards in place to ensure that the Defendant's packaging, tiles, boxes of tiles, products, pallets and merchandise were not loose, unfastened and not secure.

P. Knew or should have known that the dangerous, defective and hazardous condition pertaining to the Defendant's packaging, tiles, boxes of tiles, product, packaging and merchandise constituted a hazardous and dangerous condition.

Q. Failing to timely communicate to and/or notify the Plaintiff of the dangerous, hazardous and defective condition of the packaging, tiles, boxes of tiles, product and merchandise in the Defendant's store, premises and property.

R. Failed to warn the Plaintiff and /or place any warning signs at or near where the tiles, boxes of tiles, packaging, pallets ands and/or merchandise fell on the Plaintiff and/or failed to conspicuously place warning signs, so that they could be properly seen, at or near where the Plaintiff sustained injuries, so as to warn the Plaintiff of the dangerous, hazardous and defective condition associating with the packing, stacking, piling and securing of the tiles, boxes of tiles, packaging, pallets and merchandise.

S. Negligent and careless in overseeing the maintenance and/or stocking, stacking and securing of the tiles, boxes of tiles, packaging, pallets and/or merchandise in the Defendant's store.

T. Negligently and carelessly secured, fastened, stocked, stacked, piled and/or places the tiles, boxes of tiles, packaging, pallets and under the facts and circumstances of this case.

U. Negligent in the supervision and overseeing of it's employees as to their maintenance duties, installation duties and repair duties, as it pertaining to piling and placing of tiles, boxes of tiles, packaging, pallets and merchandise inside of the store.

V. Negligently and carelessly hired and/or selected any and all third party contractors under the facts and circumstances.

W. Negligently and carelessly supervised the work of it's employees and agents of the Defendants under the circumstances and/or negligently and carelessly, failed to inspect and/or properly inspect the work of the Defendants and/or it's employees at reasonable intervals, under the circumstances, to determine the condition thereof.

X. Negligently and carelessly attempted to place and/or placed loose, uneven, weak and/or ill supported and/or not supported and/or not secure and/or not secure and ill piled, tiles, boxes of tiles, packaging, flooring products and merchandise inside of the Defendant's store, which was inadequate, weak, not secure, loose, ill-piled, ill stacked, poorly stocked, dangerous, defective and hazardous, which caused the Plaintiff to sustain personal injuries.

Y. Knew or should have known that the tiles, boxes of tiles, product and merchandise placed, were weak, loose, uneven, unsupported, not secure, ill supported, ill-stocked, not fastened properly, ill-stacked, were inadequate, dangerous, defective and hazardous, under the facts and circumstances of this case, which caused the Plaintiff to sustain personal injuries.

Z. Negligently and carelessly stocked the tiles, boxes of tiles, product and merchandise inside of the store at the time of and before the accident.

Z1. Negligently and carelessly piled, stocked and stacked the tiles, boxes of tiles, product and merchandise too high up for persons trying to retrieve the merchandise and tiles, packaging of tiles, boxes of tiles and flooring products under the facts and circumstances.

Z2 Negligently and carelessly failed to provide a step ladder, foot stool or any other step device to the public, so as to allow them to retrieve and properly retrieve the tiles, boxes of tiles, packaging and merchandise under the circumstances.

Z3 Negligently and carelessly failed to provide any assistance or any assistive devices to retrieve the merchandise, tiles, boxes of tiles, products under the circumstances.

Z4. Negligently and carelessly failed to have sufficient personnel and/or a sufficient and adequate number of personnel or employees to assist the Plaintiff and the public with retrieving the said tile, boxes of tiles, pallets, products and merchandise under the circumstances.

Z5. Negligently and carelessly stocked, stacked, packed, piled the merchandise and flooring products and tiles under the facts and circumstances so as to create a hazard on the Defendants premises and store.

Z6 Violated the various statutes, BOCA Codes, building codes, ordinances and regulations of the City of Philadelphia and Commonwealth of Pennsylvania.

Z7. Disregarded the rights and duties owed to the Plaintiff and persons such as the Plaintiff lawfully on and/or inside of the Defendants premises, store and premises and property.

Z8 Negligently and carelessly failed to provide a reasonably sufficient number of employees at their store and business location.

Z9 Negligently and carelessly failed to provide and/or assign a sufficient number of employees at the stores Flooring and/or Tile Department for assistance, under the facts and circumstance.

Z10. Failed to seek and train employees in a manner which would have prevented an occurrence such as the one herein above described.

Z11 Failed to properly monitor, oversee or otherwise supervise their appointed agents, servants, workmen and employees.

Z12 Negligent pursuant to the doctrine of res ipsa loquitur.

Z13. Sere negligent per se.

Z14. Violated the Occupational Safety and Health Administration Act and OSHA Codes under the facts and circumstances.

Z15. Negligently and carelessly stocked, stacked and piled the tiles, boxes of tiles, product and merchandise in an uneven manner and condition, so as to create and constitute a hazard.

43. At all times material hereto, the Plaintiff Veino Parker, Jr., was caused to sustain personal injuries, including but not limited to his body and limbs, as well as a shock to his body, nerves and nervous system.

44. As a direct and proximate result of negligence and carelessness of the Defendant, acting by and through their authorized agents, as aforesaid, the Plaintiff Veino Parker, Jr., was required to expend various sums of monies, as out of pocket expenses, for medical expenses, to effective a cure for the treatment of his personal injuries, some of which will continue for an indefinite time in the future.

45 As a further and direct and proximate result of the negligence and carelessness of the Defendant, acting by and through their authorized agents and employees, as aforesaid, the Plaintiff Veino Parker, Jr., may have sustained an aggravation and/or exacerbation of his condition and injuries, some of which may be both known and/or unknown.

46. As a further and direct and proximate result of the negligence and carelessness of the Defendant, acting as aforesaid, the Plaintiff Veino Parker, Jr., has lost wages and may have lost other wages and/or may have been so caused to lose future wages and to incur an impairment in his earnings and may have sustained a loss of his future earnings capacity.

47. As a further and direct and proximate result of the negligence and carelessness of the Defendant each acting as aforesaid, the Plaintiff Veino Parker, Jr., may have been prevented from attending to his usual duties and needs and may be so prevented in the future, all to his great financial loss and detriment.

48. As a further and direct and proximate result of the negligence and carelessness of the Defendant each acting as aforesaid, the Plaintiff Veino Parker, Jr., has sustained personal injuries which may be serious and permanent.

49. As a further and direct and proximate result of the negligence and carelessness of the Defendant each acting as aforesaid, the Plaintiff Veino Parker, Jr., has suffered physical pain, mental anguish, agony, embarrassment, humiliation and emotional distress, some and/or all of which may continue for an indefinite time in the future.

Wherefore the Plaintiff Veino Parker, Jr., demands Judgment in his favor against the Defendant Home Depot, Inc. for an amount in excess of $50,000.00 (Fifty-Thousand Dollars), plus Attorneys Fees, Interest and Costs of this suit.

**Count III**

**<u>Plaintiff Veino Parker, Jr. vs. Defendant The Home Depot</u>**

**Negligence**

50. The Plaintiff incorporates the allegations of the preceding paragraphs 1-49, inclusively, as if fully set forth at length herein.

51. At all times material hereto, there existed on the Defendants premises and property, a defective, dangerous and hazardous condition, on or about, of, in and/or inside the Defendant's store, business, property and premises at the location as aforesaid.

52. At all times material hereto, the Defendant had actual notice and/or knowledge and either knew or should have known of the defective, hazardous and dangerous condition existing inside of the Defendant's store, premises and property.

53. The said negligence and carelessness of the Defendant The Home Depot, acting by and through their authorized agents, servants, workmen and employees, and acting within the course and scope of their employment and agency relationship consisted of but was not limited to the following.

A. Failing to exercise due regard for the rights, safety and position of the Plaintiff, Veino Parker, Jr.

B. Failed to maintain the premises, property, store, merchandise, products, packaging and tiles, pallets and boxes of tiles, in a reasonably safe condition.

C. Maintained the said premises, store, shelves, pallets, merchandise, products of tile and flooring in a dangerous, hazardous and defective condition, for the Plaintiff and persons lawfully traversing thereon.

D. Failed to warn the Plaintiff of the defective, dangerous and hazardous condition inside of the store, associated with and pertaining to the piling, securing , stocking, and stacking of it's products, merchandise and tile and flooring, inside of the store.

E. Failed to provide proper support or support for the tiles, boxes of tiles, packing and merchandise that caused the Plaintiff to sustain personal injuries.

F. Failed to properly and/or adequately secure the tile, packing, boxes of tiles, products and merchandise inside of the store.

G. Failed to properly and/or adequately failed to fasten the said packaging and tile and boxes of tiles and merchandise inside of the store.

H. Failed to properly and/or adequately stock, stack, pile properly, even up and secure the said tiles and merchandise product and packaging of tiles inside of the store.

I. Failed to properly and/or timely inspect the said tiles, packaging of tiles, stacking of tile, boxes of tiles. products and merchandise inside of the store, to ensure that they were secure, fastened, piled properly, piled evenly and were stocked, stacked and piled safely and securely, so as to prevent them from dislodging, moving and/or falling on the public and persons such as the Plaintiff.

J. Failed to properly and/or adequately and/or timely fix and/or replace and repair and/or secure the said tile, boxes of tiles, packaging and merchandise inside of the store, so as to prevent them form dislodging, moving and/or falling on the public and persons such as the Plaintiff.

K. Failed to properly and/or adequately support the said tiles, packaging of tiles, boxes of tiles, pallets, products and merchandise, so as to prevent them from coming loose and/or dislodging and falling.

L. Caused the said tiles, packaging of tiles, boxes of tiles and pallets and merchandise inside of the store to become and remain in a loose, uneven, ill-piled, unsecured, hazardous, dangerous and defective condition.

M. Failed to inspect and/or timely inspect the said tiles, packaging of tiles, boxes of tiles, piles and merchandise inside of the store and on the Defendants premises and property at reasonable intervals to determine the condition thereof, or were negligent, and/or careless in their inspection, so as to prevent the hazardous, dangerous, loose, ill-stacked, ill-piled, ill-stocked, unsecured, defective and/or hazardous condition on the Defendants premises, store and property.

N. Failed to timely, properly and adequately provide proper, adequate and/or sufficient lighting and/or wattage, in or about the Defendant's store, premises and falling, so as to prevent the hazardous and dangerous condition which occurred to the Plaintiff under this case.

O. Failed to timely, properly and adequately recognize and inspect and/or have sufficient safeguards in place to ensure that the Defendant's packaging, tiles, boxes of tiles, products, pallets and merchandise were not loose, unfastened and not secure.

P. Knew or should have known that the dangerous, defective and hazardous condition pertaining to the Defendant's packaging, tiles, boxes of tiles, product, packaging and merchandise constituted a hazardous and dangerous condition.

Q. Failing to timely communicate to and/or notify the Plaintiff of the dangerous, hazardous and defective condition of the packaging, tiles, boxes of tiles, product and merchandise in the Defendant's store, premises and property.

R. Failed to warn the Plaintiff and /or place any warning signs at or near where the tiles, boxes of tiles, packaging, pallets ands and/or merchandise fell on the Plaintiff and/or failed to conspicuously place warning signs, so that they could be properly seen, at or near where the Plaintiff sustained injuries, so as to warn the Plaintiff of the dangerous, hazardous and defective condition associating with the packing, stacking, piling and securing of the tiles, boxes of tiles, packaging, pallets and merchandise.

S. Negligent and careless in overseeing the maintenance and/or stocking, stacking and securing of the tiles, boxes of tiles, packaging, pallets and/or merchandise in the Defendant's store.

T. Negligently and carelessly secured, fastened, stocked, stacked, piled and/or places the tiles, boxes of tiles, packaging, pallets and under the facts and circumstances of this case.

U. Negligent in the supervision and overseeing of it's employees as to their maintenance duties, installation duties and repair duties, as it pertaining to piling and placing of tiles, boxes of tiles, packaging, pallets and merchandise inside of the store.

V. Negligently and carelessly hired and/or selected any and all third party contractors under the facts and circumstances.

W. Negligently and carelessly supervised the work of it's employees and agents of the Defendants under the circumstances and/or negligently and carelessly, failed to inspect and/or properly inspect the work of the Defendants and/or it's employees at reasonable intervals, under the circumstances, to determine the condition thereof.

X. Negligently and carelessly attempted to place and/or placed loose, uneven, weak and/or ill supported and/or not supported and/or not secure and/or not secure and ill piled, tiles, boxes of tiles, packaging, flooring products and merchandise inside of the Defendant's store, which was inadequate, weak, not secure, loose, ill-piled, ill stacked, poorly stocked, dangerous, defective and hazardous, which caused the Plaintiff to sustain personal injuries.

Y. Knew or should have known that the tiles, boxes of tiles, product and merchandise placed, were weak, loose, uneven, unsupported, not secure, ill supported, ill-stocked, not fastened properly, ill-stacked, were inadequate, dangerous, defective and hazardous, under the facts and circumstances of this case, which caused the Plaintiff to sustain personal injuries.

Z. Negligently and carelessly stocked the tiles, boxes of tiles, product and merchandise inside of the store at the time of and before the accident.

Z1. Negligently and carelessly piled, stocked and stacked the tiles, boxes of tiles, product and merchandise too high up for persons trying to retrieve the merchandise and tiles, packaging of tiles, boxes of tiles and flooring products under the facts and circumstances.

Z2 Negligently and carelessly failed to provide a step ladder, foot stool or any other step device to the public, so as to allow them to retrieve and properly retrieve the tiles, boxes of tiles, packaging and merchandise under the circumstances.

Z3 Negligently and carelessly failed to provide any assistance or any assistive devices to retrieve the merchandise, tiles, boxes of tiles, products under the circumstances.

Z4. Negligently and carelessly failed to have sufficient personnel and/or a sufficient and adequate number of personnel or employees to assist the Plaintiff and the public with retrieving the said tile, boxes of tiles, pallets, products and merchandise under the circumstances.

Z5. Negligently and carelessly stocked, stacked, packed, piled the merchandise and flooring products and tiles under the facts and circumstances so as to create a hazard on the Defendants premises and store.

Z6 Violated the various statutes, BOCA Codes, building codes, ordinances and regulations of the City of Philadelphia and Commonwealth of Pennsylvania.

Z7. Disregarded the rights and duties owed to the Plaintiff and persons such as the Plaintiff lawfully on and/or inside of the Defendants premises, store and premises and property.

Z8 Negligently and carelessly failed to provide a reasonably sufficient number of employees at their store and business location.

Z9 Negligently and carelessly failed to provide and/or assign a sufficient number of employees at the stores Flooring and/or Tile Department for assistance, under the facts and circumstance.

Z10. Failed to seek and train employees in a manner which would have prevented an occurrence such as the one herein above described.

Z11 Failed to properly monitor, oversee or otherwise supervise their appointed agents, servants, workmen and employees.

Z12 Negligent pursuant to the doctrine of res ipsa loquitur.

Z13. Sere negligent per se.

Z14. Violated the Occupational Safety and Health Administration Act and OSHA Codes under the facts and circumstances.

Z15. Negligently and carelessly stocked, stacked and piled the tiles, boxes of tiles, product and merchandise in an uneven manner and condition, so as to create and constitute a hazard.

54. At all times material hereto, the Plaintiff Veino Parker, Jr., was caused to sustain personal injuries, including but not limited to his body and limbs, as well as a shock to his body, nerves and nervous system.

55. As a direct and proximate result of negligence and carelessness of the Defendant, acting by and through their authorized agents, as aforesaid, the Plaintiff Veino Parker, Jr., was required to expend various sums of monies, as out of pocket expenses, for medical expenses, to effective a cure for the treatment of his personal injuries, some of which will continue for an indefinite time in the future.

56. As a further and direct and proximate result of the negligence and carelessness of the Defendant, acting by and through their authorized agents and employees, as aforesaid, the Plaintiff Veino Parker, Jr., may have sustained an aggravation and/or exacerbation of his condition and injuries, some of which may be both known and/or unknown.

57. As a further and direct and proximate result of the negligence and carelessness of the Defendant, acting as aforesaid, the Plaintiff Veino Parker, Jr., has lost wages and may have lost other wages and/or may have been so caused to lose future wages and to incur an impairment in his earnings and may have sustained a loss of his future earnings capacity.

58. As a further and direct and proximate result of the negligence and carelessness of the Defendant each acting as aforesaid, the Plaintiff Veino Parker, Jr., may have been prevented from attending to his usual duties and needs and may be so prevented in the future, all to his great financial loss and detriment.

59. As a further and direct and proximate result of the negligence and carelessness of the Defendant each acting as aforesaid, the Plaintiff Veino Parker, Jr., has sustained personal injuries which may be serious and permanent.

60. As a further and direct and proximate result of the negligence and carelessness of the Defendant each acting as aforesaid, the Plaintiff Veino Parker, Jr., has suffered physical pain, mental anguish, agony, embarrassment, humiliation and emotional distress, some and/or all of which may continue for an indefinite time in the future.

Wherefore the Plaintiff Veino Parker, Jr., demands Judgment in his favor against the Defendant The Home Depot for an amount in excess of $50,000.00 (Fifty-Thousand Dollars), plus Attorneys Fees, Interest and Costs of this suit.

**By:**

**/s/ Vaughn A. Booker, Esquire**
**Vaughn A. Booker, Esquire**
**Attorney for Plaintiff,**
**Veino Parker, Jr.**

**Dated: November 12, 2025**

**VERIFICATION**

I, Vaughn A. Booker, Esquire hereby states that I am the Attorney for the Plaintiff in the within action and furthermore states that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief and subject to the penalties under 18 Pa. C.S.A. 4904, relating to unsworn falsification to authorities.

**/s/ Vaughn A. Booker, Esquire**
**Vaughn A. Booker, Esquire**
**Attorney for Plaintiff**

**Dated: November 12, 2025**